## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF ) ) ) ) | **LAND REGISTRATION CASE NO. LR0005-13** |
| JULIA S. NAPUTI through her Attorney-in-Fact, JOAQUIN NANGAUTA NAPUTI, FOR REGISTRATION OF TITLE TO LOT 167, MUNICIPALITY OF INARAJAN, GUAM, ) ) ) ) ) ) ) ) | **DECISION AND ORDER** |
| Petitioner. ) ) | |

### INTRODUCTION

This matter came before the Honorable James L. Canto II on the Government's motion to dismiss without prejudice for lack of subject matter jurisdiction, filed on July 16, 2014. Oral arguments were heard on October 13, 2014. Attorney Peter F. Perez appeared on behalf of Petitioner Julia S. Naputi, while Assistant Attorney Generals Kathy A. Fokas and Marianne Woloschuk represented the Government. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

On August 30, 2013, Petitioner Julia S. Naputi filed a petition for land registration to register "Lot No. 167, Municipality of Inarajan, Guam, containing an area of 24,288 +/- square meters, as said lot is marked and designated on Drawing No. FC12-0808, L.M. No. 239-FY2012, as described in that Land Registration Survey Map, which is attached hereto and

recorded at the Department of Land Management under Instrument No. 853350." (Pet., 1-2, Aug. 30, 2013).

On July 16, 2014, the Government filed a motion to dismiss without prejudice for lack of subject matter jurisdiction. The Government argues that the petition fails to include the mandatory requirements of Guam's Land Title Registration Law which are necessary to establish the Superior Court of Guam's subject matter jurisdiction over a land registration. (Mot. Dismiss, 3, Jul. 15, 2014). Specifically, the Government alleges that the following were not made a part of the petition as required by law: (1) an abstract of title pursuant to 21 GCA § 29106; (2) a statement of "the value at which the land and permanent improvements, if any, were assessed on the last assessment for taxation" pursuant to 21 GCA § 29105; and (3) "a statement of whether or not the land is occupied" pursuant to 21 GCA § 29105. *Id.* at 3-4.

On August 8, 2014, Petitioner filed an opposition. Petitioner argues that an abstract of title is not necessary because the petition asserts that the land has been adversely held and this has not been denied by the Government. (Opp'n Mot., 2, Aug. 8, 2014). As to the value of land and improvement, Petitioner now submits that the assessed value is $73,150.00. *Id.* With respect to the occupation of the land, Petitioner asserts that the petition states that Petitioner, co-owners and their predecessors in interest have been in actual, exclusive, and adverse possession of the land for more than five years continuously. *Id.* at 2-3. Furthermore, Petitioner asserts that the Government shall be deemed to have admitted all averments in the land registration proceeding and therefore consented to the land registration application. *Id.* at 3-4.

On August 16, 2014, the Government filed a reply. The Government reasserts that an abstract of title is required and argues that property cannot be acquired from the Government by adverse possession. *Id.* at 2. Further, the Government stressed the omission from the petition of the value of land and improvements and statement of occupations. *Id.* at 3-6. The Government argues that Petitioner is misconstruing the application of the Guam Rules of Civil Procedure and that there is precedent for dismissal without prejudice for lack of subject matter jurisdiction based on failure to comply with the Land Title Registration Law. *Id.* at 7-9.

**DISCUSSION**

## I. Land Title Registration Law

Under Guam law, the registration of title to real estate is governed by the Land Title Registration Law, found in 21 GCA § 29101 *et seq.* The elements necessary to perfect a petition to register title to real property can be found in various provisions of Chapter 29 of Title 21 Guam Code Annotated. Three of these required elements are at issue in this case: (1) the abstract of title; (2) the value of land and improvement; and (3) notice to occupants, co-owners and adjoining landowners. Each requirement will be discussed in turn.

### a. Abstract of Title

One of the requirements of a petition is that "[e]ach application must be accompanied by an abstract of title to all land which does not appear by said petition to have been adversely held as hereinabove provided; except that when the title to the land or any part of the land described has been previously determined by a final decree of a court of competent jurisdiction no abstract regarding the same need antedate such decree." 21 GCA § 29106 (2013).

In this case, an abstract of title was not included in the petition filed August 30, 2014. Petitioner argues that paragraphs 9 and 10 of the petition show that the land was adversely held, and this alleviates the need of an abstract of title. (Opp'n Mot., 1-2, Aug. 8, 2014).

The Land Title Registration Law provides that where a petition asserts that "the applicant, either by himself or by himself and his predecessors in interest has been in the actual, exclusive, and adverse possession of the land described, continuously for more than five (5) years next preceding the filing of the petition claiming to own the same in fee against the world . . . the petition must state the character of such possession and the applicant must prove the same to the satisfaction of the court on the hearing." 21 GCA § 29106 (2013). Although it remains a question whether Petitioner adequately proved to the Court of his actual, exclusive, adverse, and continuous possession of the land, the Court need not address that question here since an abstract of title was filed on September 10, 2014. Therefore, the petition shall not be dismissed on this ground.

\\\

*b. Value of Land and Improvement*

Another requirement is that a petition must set forth "the value at which the land and permanent improvements, if any, were assessed on the last assessment for taxation." 21 GCA § 29105 (2013).

In this case, Petitioner asserted that the assessed value of the land was unknown in paragraph 5 of the petition. (Pet., 2, August 30, 2013). In the opposition to the motion to dismiss, Petitioner asserted that the assessed value is $73,150.00. (Opp'n Mot., 2, Aug. 8, 2014). This new statement regarding assessed value, expressed by Petitioner's counsel in Petitioner's written opposition to the Government's motion, is unsupported by any independent evidence and fails to conform to the Land Title Registration Law, which requires amendments be made only by way of a verified petition. 21 GCA §29109 (2013). Because Petitioner's counsel's statement regarding the assessed value of the land was not made through a verified petition, and because this statement lacks any independent evidentiary support as to its veracity, the petition shall be dismissed due to this error.

*c. Notice to Occupants, Co-Owners and Adjoining Landowners*

An additional requirement mandates a petition include "a statement of whether or not the land is occupied and if so, the full name and post office address of each occupant, and what interest he has or claims . . . a statement describing the claim of any other person who has any estate or remainder, reversion or expectancy, with the names and post office addresses, if known, of every such person, together with the names and post office addresses of all the owners of the adjoining lands, so far as the same can be ascertained upon diligent inquiry." 21 GCA § 29105 (2013).

In this case, the petition fails to include the post office box addresses of each occupant and the individuals with an interest in the land, namely Juliana S.N. Castro, Jesus S.N. Castro, Maria S.N. Castro, Jose S.N. Castro, Teresita C. Meno, and Cecilia S.N. Castro. (Pet., 2, August 30, 2013). Furthermore, the petition fails to include the post office addresses of all the owners of the adjoining lands. On May 5, 2014, Petitioner filed a Summary of Service in which Petitioner asserts that the petition was served upon the following adjoining landowners: Vicente

S. Taitague, Ignacio R. Leon Guerrero, Lucille F. Leon Guerrero, John L. Naputi, Peter E. Lujan, and Millie L. Lujan. (Summary of Service, 1, May 5, 2014). According to this document, the adjoining landowners Concepcion S.N. Naputi, Joseph L. Naputi, Jesus C. Naputi, and Paulino Salas Manglona are deceased. *Id.* Therefore, although Petitioner failed to include the addresses of the adjoining landowners, Petitioner did perform reasonable diligence to serve the adjoining landowners with the instant petition. The Supreme Court of Guam has recognized the importance of the statutory notice provisions of the Land Title Registration Law and has found that "all claimants who could be discovered through reasonable diligence must be personally notified of the land registration proceeding." *Taitano v. Calvo Finance Corp.*, 2009 Guam 9 ¶ 8 (*citing Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶¶ 61-64). "If notice is not given, then the land registration decree is void and can be challenged at any time." *Id.* (*citing Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶¶ 64-65).

However, actual notice of the initial petition upon those entitled to its service still fails to satisfy Petitioner's statutory obligation to include in the petition the mailing addresses of those occupying adjoining parcels and/or those with other recognized interests in the matter. This is no mere formality. Considering the Guam Supreme Court's edict in *Taitano* regarding notice, this Court maintains that the requirement of 21 GCA § 29105 to include the post office addresses of the occupants, co-owners, and adjoining landowners is designed to assist the Court in ensuring applicable parties are notified of subsequent court hearings and proceedings regarding the pending land registration, just as co-owners of the land and all adjoining landowners must be personally served with an initial notice and a copy of the petition. 21 GCA § 29112 (2013). Although personal service of the petition and initial hearing notice to the living adjoining landowners may seemingly alleviate the need for their post office addresses, there may be instances where the Department of Land Management or the Court needs to contact these individuals to notify them of further proceedings subsequent to the initial petition in which those affected would have an interest in participating. Notice of these hearings to interested parties is just as important to them as is the perfected service of the petition and initial hearing notice. Again, as the Guam Supreme Court stated: "[A]ll claimants who could be discovered

through reasonable diligence must be personally notified of the land registration *proceeding*." *Taitano*, 2009 Guam 9 ¶ 8 (emphasis added). The Guam Supreme Court's reference would contemplate all court proceedings regarding the petition for land registration, and not simply the initial hearing. The Court notes the Guam Supreme Court rendered its ruling specifically with respect to 21 GCA § 29105, the very section requiring the listing of mailing addresses for certain affected individuals. *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶¶ 64-65. The Guam Supreme Court discusses this requirement in the context of what comprises sufficient *notice*. In fact, that section also addresses service upon certain interested parties to be accomplished by mail, and not by personal service. This is why actual service of the initial petition is insufficient to overcome the lack of these mailing addresses by which interested parties might be afforded notice of court hearings at which that petition would be adjudicated over time. As the Guam Supreme Court stated: "[T]he notice provisions are not mere technicalities." *Id.* at ¶ 64. Thus for the above reasons, the Court finds that Petitioner failed to comply with the statutory notice provision of the Land Title Registration Law and that this deficiency warrants dismissal of the petition without prejudice.

///

///

///

## CONCLUSION

Based upon the foregoing, the Government's motion to dismiss without prejudice is hereby GRANTED.

SO ORDERED this _____ day of December, 2014.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: _____
_____
Date: _____ Time: _____
_____
Deputy Clerk, Superior Court of Guam

**HONORABLE JAMES L. CANTO II**
**Judge, Superior Court of Guam**